# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **COUNTRY FRESH HOLDING** | § | Case No.: 21-30574 (MI) |
| **COMPANY INC.,** *et al.*[1] | § | |
| | § | Jointly Administered |
| Debtors. | | |

## JOINT MOTION OF THE DEBTORS AND THE AD HOC GROUP OF SECURED LENDERS FOR AN ORDER AUTHORIZING AND APPROVING THE CONVERSION OF THE CHAPTER 11 CASES AND GRANTING RELATED RELIEF

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtors' taxpayer identification number are as follows: Country Fresh Holding Company Inc. (7822); Country Fresh Midco Corp. (0702); Country Fresh Acquisition Corp. (5936); Country Fresh Holdings, LLC (7551); Country Fresh LLC (1258); Country Fresh Dallas, LLC (7237); Country Fresh Carolina, LLC (8026); Country Fresh Midwest, LLC (0065); Country Fresh Orlando, LLC (7876); Country Fresh Transportation LLC (8244) CF Products, LLC (8404) Country Fresh Manufacturing, LLC (7839); Champlain Valley Specialty of New York, Inc. (9030); Country Fresh Pennsylvania, LLC (7969); Sun Rich Fresh Foods (NV) Inc. (5526); Sun Rich Fresh Foods (USA) Inc. (0429); and Sun Rich Fresh Foods (PA) Inc. (4661). The Debtors' principal place of business is 3200 Research Forest Drive, Suite A5, The Woodlands, TX, 77381.

Country Fresh Holding Company Inc. and certain of its affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[2] and the ad hoc group of certain unaffiliated lenders (the "Ad Hoc Group of Secured Lenders" and, together with the Debtors, the "Movants"), by an through their respective undersigned counsel, file this joint motion (the "Motion") for entry of an order, substantially in the form attached hereto (the "Proposed Order"), pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the conversion of these chapter 11 cases (the "Chapter 11 Cases") to cases under chapter 7 of the Bankruptcy Code on the terms, conditions and timeline described herein.  In support of the Motion, the Movants respectfully states as follows:

**PRELIMINARY STATEMENT**

1. By this Motion, the Movants are seeking entry of the Proposed Order authorizing the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code effective as of a date (the "Conversion Effective Date") that will be set forth on a written notice filed with the Court at least five (5) days prior to the proposed Conversion Effective Date.  Such date will be determined by the Debtors, in consultation with the Ad Hoc Group of Secured Lenders and the U.S. Buyer, in a manner consistent with their obligations under the TSAs and the APA (each as defined below).

2. The Debtors commenced these Chapter 11 Cases with the objective of maximizing value for their stakeholders, including creditors, employees and vendors, by selling substantially all of their assets on a going concern basis.  In furtherance thereof, the Debtors pursued a sale process that resulted in the sale (the "Sale") of substantially all of the Debtors' assets to the U.S. Buyer (as defined below).  The Sale was approved by this Court on March 29, 2021 and

---

[2] Capitalized terms used but not otherwise defined herein shall have meaning ascribed to such terms in the Final DIP Order (defined herein).

closed on April 29, 2021. In connection with the Sale as well as the sale of certain assets of the Debtors' affiliates in Canada, the Debtors have entered into transition services agreements (the "TSAs")[3] with the respective buyers (the "Buyers") pursuant to which the Debtors will perform certain post-closing services for the benefit of the applicable Buyers.

3. Unfortunately, an orderly conversion to chapter 7 is warranted here. *First*, notwithstanding the Sale, there are insufficient funds in the Debtors' estates to pay all claims necessary to confirm a chapter 11 plan, including administrative and priority claims, let alone secured claims. *Second*, any plan process will be costly and potentially litigious as there is no likelihood of a distribution to unsecured creditors. *Third*, a litigious plan process will only further deplete estate resources and render futile any hope of a recovery to senior creditors in accordance with their relative priorities. *Fourth*, a qualified trustee, if necessary, can cost-effectively administer the Debtors' remaining obligations under the TSAs and attend to the wind-down of these estates, including distributions to creditors, on a cost basis more reasonable than by continuing the Chapter 11 Cases.[4] In effect, there is simply no reason for the Debtors to continue in chapter 11 beyond the Conversion Effective Date. Moreover, the Ad Hoc Group of Secured Lenders has advised the Debtors that, while it is not prepared to fund a chapter 11 plan process, it is willing to make certain of its Cash Collateral available to a chapter 7 trustee upon conversion to the extent necessary to address items related to the U.S. TSA. In sum, good cause exists for this Court to convert these cases to chapter 7 proceedings pursuant to Bankruptcy Code section 1112(b) on the terms and conditions described below.

---

[3] The TSA by and between the Debtors and the U.S. Buyer (as defined below) is filed as Docket No. 542 (the "U.S. TSA").

[4] Prior to the hearing on this Motion, counsel to the Ad Hoc Group of Secured Lenders will consult with the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") regarding the chapter 7 trustee.

3

11069535

## JURISDICTION

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1408. This is a core proceeding as defined in 28 U.S.C. § 157(b). The bases for the relief requested herein are sections 105 and 1112 of the Bankruptcy Code.

## BACKGROUND

5. On February 15, 2021 (the "Petition Date"), the Debtors each filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are managing their financial affairs as debtors in possession. No trustee or examiner has been appointed in these chapter 11 cases.

6. On February 25, 2021, the United States Trustee appointed the Committee [Docket No. 149], and appointed two additional members to the Committee on March 10, 2021 [Docket No. 241].

7. On March 18, 2021, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors' Use Of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection To Prepetition Secured Parties, (V) Modifying The Automatic Stay, and (VI) Granting Related Relief* (the "Final DIP Order") [Docket No. 335].

8. On March 29, 2021, the Court entered an order approving the Sale [Docket No. 437]. The Sale closed on April 29, 2021 [Docket No. 548] pursuant to the terms of that certain Asset Purchase Agreement (the "APA"), by and between the Debtors and Stellex/CF Buyer (US) LLC (the "U.S. Buyer") [Docket No. 539], and the U.S. TSA by and between the Debtors and the U.S. Buyer [Docket No. 542].

9. On May 12, 2021, the Court entered the *Order Granting <u>Emergency</u> Motion for Administrative Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "<u>Compensation Procedures Order</u>") [Docket No. 598].

10. The Ad Hoc Group of Secured Lenders is prepared to allow a chapter 7 trustee to use its Cash Collateral in an amount to be agreed by the Ad Hoc Group of Secured Lenders in advance of the hearing on this Motion.

## RELIEF REQUESTED

11. By this Motion, the Movants request entry of the Proposed Order authorizing, among other things, the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code effective as of the Conversion Effective Date. The Debtors seek authorization to allow the Conversion Effective Date to be determined by the Debtors, in consultation with the Ad Hoc Group of Secured Lenders and the U.S. Buyer, in a manner consistent with their obligations under the TSAs and the APA. The Debtors further request that upon the Conversion Effective Date, the Committee be dissolved and the members thereof will be released and discharged from all rights and duties arising from or related to the Chapter 11 Cases.

## BASIS FOR RELIEF

**A.   These Chapter 11 Cases Should be Converted if the Elements for "Cause" Are Shown Under Section 1112(b)(4) of the Bankruptcy Code.**

12. Pursuant to section 1112(b)(1) of the Bankruptcy Code, absent unusual circumstances, a court shall convert or dismiss a bankruptcy case "for cause." Bankruptcy Code section 1112(b)(1) states, in pertinent part:

> on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a

> case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 changed the statutory language with respect to conversion and dismissal from permissive to mandatory.[5] *See* H.R. Rep. 109-31 (I), 2005 U.S.C.C.A.N. 88, 94 (stating that the Act "mandate[s] that the court convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause, absent unusual circumstances."); *see also In re Gateway Access Solutions, Inc.*, 374 B.R. 556 (Bankr. M.D. Pa. 2007) (stating that the amendments to section 1112 limit the court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause); *accord In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006) ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal such that this Court has no choice, and no discretion in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4).") (emphasis added).

13. Thus, the amendments to section 1112 of the Bankruptcy Code limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of "cause". *In re 3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006) ("Under new § 1112 when cause is found, the court shall dismiss or convert unless special circumstances exist that establish that the requested

---

[5] Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, a bankruptcy court had wide discretion to use its equitable powers to dispose of a debtor's case but was not mandated to dismiss or convert a case if cause were shown. H.R.Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787; *see also Small Business Admin. v. Preferred Door Co. (In re Preferred Door Co.)*, 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss or convert a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under § 1112(b) "rests in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded "wide discretion" under section 1112(b)).

11069535

conversion or dismissal is not in the best interests of creditors and the estate."); *see also In re Broad Creek Edgewater, LP*, 371 B.R. 752, 759 (Bankr. D. S.C. 2007).

14. For reasons more fully explained below, the Movants submit that this Court should convert these Chapter 11 Cases because cause exists, and conversion is in the best interests of the Debtors, their estates, and their creditors.

**B.** **Cause Exists to Convert the Debtors' Chapter 11 Cases Because the Debtors have Limited Remaining Assets or Operations and will be Unable to Confirm a Chapter 11 Plan.**

15. Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of factors that constitute "cause" for conversion. 11 U.S.C. § 1112(b)(4)(A)-(P). *See In re Gateway Access Solutions*, 374 B.R. at 561 ("Generally, such lists are viewed as illustrative rather than exhaustive, and the Court should 'consider other factors as they arise.'") (quoting *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991)); *In re 3 Ram, Inc.*, 343 B.R. at 117 ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not."); *accord In re Frieouf.*, 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b)(4)'s list is nonexhaustive).[6]

16. One such ground is where a party-in-interest shows that there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). *See, e.g., In re Citi-Toledo Partners*, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) ("Section 1112(b)(1) contemplates a 'two-fold' inquiry into whether there has been a 'continuing diminution of the estate and absence of a reasonable likelihood of

---

[6] In *In re TCR of Denver*, the court recognized the apparent typographical error in § 1112(b)(4) of the Bankruptcy Code. The sixteen illustrative examples of "cause" set forth in that section are linked by the word "and" after subsection (O). Accordingly, strict construction of the statute would require that a debtor establish all of the items constituting "cause" before a case can be dismissed by the court. The TCR court held that Congress could not have intended to require a "perfect storm" of all sixteen circumstances listed before a case be converted or dismissed. *See In re TCR of Denver*, 338 B.R. at 498.

11069535

rehabilitation'") (citing *In re Photo Promotion Associates, Inc.*, 47 B.R. 454, 458 (Bankr. S.D.N.Y. 1985)). In other words, a debtor should not be required to maintain control of its business and estate beyond the point at which reorganization is no longer realistic. *See In re The AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003).

17. To satisfy Bankruptcy Code section 1112(b)(4)(A), a loss may be substantial or continuing—it need not be both; *see In re Creekside Senior Apartments, L.P.*, 489 B.R. at 61; and "[r]ehabilitation does not include liquidation. Rehabilitation means to reestablish a business." *In re 15375 Memorial Corp.*, 386 B.R. 548, 552 (Bankr. D. Del. 2008) (reversed on other grounds by *In re 15375 Memorial Corp.*, 400 B.R. 420 (D. Del. 2009)); *see also Loop Corp. v. United States Trustee (In re Loop Corp.)*, 379 F.3d 511, 516 (8th Cir. 2004) ("Courts have consistently understood 'rehabilitation' to refer to the Debtors' ability to restore the viability of its business."); *In re Landmark-Atlantic Hess Farm*, LLC, 448 B.R. at 714-15 (determination is whether a Debtors has "sufficient business prospects."); 7 COLLIER ON BANKRUPTCY ¶ 1112.04[6][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed).

18. The party seeking conversion or dismissal has the initial burden of showing cause exists. *See In re Prods. Int'l Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008); *In re Schriock Constr., Inc.*, 167 B.R. 569, 575 (Bankr. D.N.D. 1994). The movant must satisfy its burden of proof by a preponderance of the evidence. *See In re Creekside Senior Apartments, L.P.,* 489 B.R. 51, 60 (6th Cir. BAP 2013).

19. Here, the Movants easily satisfy the two-fold inquiry. ***First***, the Debtors have sold virtually all of their assets in connection with the Sale and will no longer conduct any business. At the same time, administrative claims, such as professional fees and U.S. Trustee fees, continue to accrue each day these Chapter 11 Cases remain open. ***Second***, it will be impossible for the

Debtors to rehabilitate their business since there will be no business to reorganize. Moreover, while no longer an enumerated ground under amended section 1112 of the Bankruptcy Code, conversion of a chapter 11 case is appropriate where a court finds there is no point in expending estate assets on administrative expenses when a feasible plan is not possible. *In re 3 Ram*, 343 B.R. at 117-18 (citing, *inter alia*, *In re Brown*, 951 F.2d at 572).

20. Once the movant establishes cause under Section 1112(b)(1) of the Bankruptcy Code, the burden shifts to the objectors to show that unusual circumstances exist under section 1112(b)(2) of the Bankruptcy Code. *See In re Ramreddy, Inc.*, 440 B.R. 103, 112-13 (Bankr. E.D. Pa. 2009) (citing *DCNC North Carolina I, L.L.C. v. Wachovia Bank N.A.*, 2009 WL 3209728 at *4 (E.D. Pa. 2009)). Section 1112(b)(2) of the Bankruptcy Code provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> (A)  there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B)  the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> > (i)  for which there exists a reasonable justification for the act or omission; and
> >
> > (ii)  that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

21. The Movants submit that no unusual circumstances exist that prevent conversion of these Chapter 11 Cases.

9

11069535

**C.      Conversion of the Chapter 11 Cases to Cases under Chapter 7 of the Bankruptcy Code is in the Best Interests of the Debtors' Estates and Creditors.**

22.     Once the Court has determined that cause exists under section 1112(b) of the Bankruptcy Code, the Court must decide between dismissal and conversion based on the best interest of creditors and the estate. *See, e.g., Rollex Corp. v. Associated Materials (In re Superior Siding & Window)*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss or convert.").

23.     A variety of factors support a finding that the conversion, rather than dismissal, of these Chapter 11 Cases is in the best interest of the Debtors' estates and their creditors to convert these Chapter 11 Cases. First, a chapter 7 trustee can handle the Debtors' remaining obligations under the U.S. TSA and the APA, including, as necessary, to allow the U.S. Buyer to designate any remaining executory contracts or unexpired leases for assumption. A trustee can also attend to wind-down matters, including the filing of any tax returns, paying estate liabilities and liquidating remaining assets. The trustee can also actively participate in pending matters before the Court. Finally, if there are assets ultimately available for distribution, then the trustee can and should arrange for distributions to be made to creditors in accordance with the Bankruptcy Code's priority scheme.

24.     For these reasons set forth above, the Movants submit that an orderly conversion and wind-down of the Debtors' estates as contemplated by the Proposed Order is in the best interests of Debtors, their estates and creditors.

## NOTICE

25.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the administrative agents for the Debtors' prepetition credit facilities; (c) counsel to the Committee;

and (d) all parties in interest who have formally appeared and requested notice. The Debtors respectfully submit that no further notice of this Motion is required.

## RESERVATION OF RIGHTS

26. The Movants reserve all rights and remedies to, among other things, complement, supplement, augment, alter, substitute or modify this Motion.

## CONCLUSION

WHEREFORE, the Movants requests that this Court enter the Proposed Order converting the Debtors' Chapter 11 Cases to cases under chapter 7 and granting related relief.

Dated: May 14, 2021
Houston, Texas

**FOLEY & LARDNER LLP**

*/s/ John P. Melko*
John P. Melko (TX 13919600)
Email: jmelko@foley.com
Sharon M. Beausoleil (TX 24025245)
Email: sbeausoleil@foley.com
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5500

and

Mark C. Moore (TX 24074751)
Email: mmoore@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214.999.4150

**COUNSEL TO**
**DEBTORS AND DEBTORS-IN-POSSESSION**

**PORTER HEDGES LLP**

*/s/ John F. Higgins*
John F. Higgins, State Bar No. 09597500
M. Shane Johnson, State Bar No. 24083263
Megan Young-John, State Bar No. 24088700
1000 Main Street, 36th Floor,
Houston, Texas 77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Elizabeth R. McColm*
John T. Weber*
Diane Meyers*
Grace C. Hotz*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
(212) 757-3990 (Fax)
emccolm@paulweiss.com
jweber@paulweiss.com
dmeyers@paulweiss.com
ghotz@paulweiss.com

*Admitted Pro Hac Vice*

**COUNSEL TO AD HOC GROUP OF SECURED LENDERS**

11069535