IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **COUNTRY FRESH HOLDING** | § | Case No.: 21-30574 (MI) |
| **COMPANY INC.,** *et al.*[1] | § | |
| | § | Jointly Administered |
| Debtor(s). | § | |

## DEBTORS' OBJECTION TO ALLOWANCE AND PAYMENT OF CERTAIN CLAIMS OF PACIFIC SALES

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 7, 2021 AT 10:00 A.M. (CST) BEFORE JUDGE MARVIN ISGUR. YOU MAY PARTICIPATE IN THE HEARING BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JudgeIsgur" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC**

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtors' taxpayer identification number are as follows: Country Fresh Holding Company Inc. (7822); Country Fresh Midco Corp. (0702); Country Fresh Acquisition Corp. (5936); Country Fresh Holdings, LLC (7551); Country Fresh LLC (1258); Country Fresh Dallas, LLC (7237); Country Fresh Carolina, LLC (8026); Country Fresh Midwest, LLC (0065); Country Fresh Orlando, LLC (7876); Country Fresh Transportation LLC (8244) CF Products, LLC (8404) Country Fresh Manufacturing, LLC (7839); Champlain Valley Specialty of New York, Inc. (9030); Country Fresh Pennsylvania, LLC (7969); Sun Rich Fresh Foods (NV) Inc. (5526); Sun Rich Fresh Foods (USA) Inc. (0429); and Sun Rich Fresh Foods (PA) Inc. (4661). The Debtors' principal place of business is 3200 Research Forest Drive, Suite A5, The Woodlands, TX, 77381.

**APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT https://ecf.txsb.uscourts.gov/ WITHIN 21 (TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Country Fresh Holding Company Inc. and its above-captioned debtor affiliates, as debtors and debtors-in-possession (collectively, the "**Debtors**") hereby file this *Debtors' Objection to Allowance and Payment of Certain Claims of Pacific Sales* (the "**Objection**"). In support of the Objection, the Debtors respectfully represent as follows:

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Chapter 11 Case and the Motion pursuant to 28 U.S.C. § 1334, and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

2.      On February 15, 2021 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors' resulting bankruptcy cases (the "**Chapter 11 Cases**") have been jointly administered under Case No. 21-30574. The Debtors remain in possession of their property and are managing their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Additional information on the

Debtors and their business can be found in the *Declaration of Stephen Marotta in Support of First Day Motions* [Docket No. 18], incorporated herein by reference.

3.       On February 15, 2021, the Debtors filed an *Emergency Motion for Authority to Pay or Honor Prepetition PACA Claims* (the "**PACA Motion**") [Docket No. 11].

4.       On February 26, 2021, the Court entered an *Interim Order Conditionally Authorizing Payment of Pre-Petition PACA Claims* (the "**Interim PACA Order**") [Docket No. 162], authorizing the Debtors to pay up to $15 million in prepetition PACA claims. Also on February 26, 2021, the Court entered its *Order (I) (A) Authorizing and Approving Bid Procedures; (B) Authorizing the Debtors' Entry into the Stalking Horse Purchase Agreement; (C) Authorizing and Approving Expense Reimbursement and Break-Up Fee; (D) Scheduling an Auction and Sale Hearing; (E) Authorizing and Approving Assumption and Assignment Procedures; and (F) Approving Notice Procedures* (the "**Bid Procedures Order**") [Docket No. 164][2], authorizing the Debtors to market their business and assets in accordance with the sale and bid procedures.

5.       On March 24, 2021, the Debtors filed a *Notice of Designation of Successful Bidders and Back-Up Bidders* (the "**Successful Bidder Notice**") [Docket No. 404], designating the Buyer as the successful bidder at the auction held in accordance with the Bid Procedures Order.

6.       On March 29, 2021, the Debtors obtained an *Order Authorizing Country Fresh Holdings Company Inc. and Its Affiliated Debtors to (I) Sell Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing and Approving the Debtors' Performance under the APA, (III) Authorizing and Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts, Unexpired Leases,*

---

[2]       Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order or the Bid Procedures annexed thereto, as applicable.

*And Permits Related Thereto, and (IV) Granting Related Relief* (the "**Sale Order**") [Docket No. 437] to sell assets to the Buyer.

7.      On April 29, 2021, the Debtors filed the fully executed Asset Purchase Agreement ("**APA**") in that certain *Notice of Closing* [Docket No. 548].

8.      On May 11, 2021, the Debtors filed a *Notice of Payment and/or Escrow of PACA Claims* (the "**Notice of Payment of PACA Claims**") [Docket No. 595].

9.      On May 14, 2021, the Buyer filed an *Emergency Motion Emergency Motion to Enforce the APA and the Sale Order and (II) Reservation of Rights with Respect to the Debtors' Notice of Payment and/or Escrow of PACA Claims* [Docket No. 607], and the Debtors filed an *Emergency Motion for Entry of Order Enforcing Sale Order and Response to Stellex/CF Buyer (US) LLCs Emergency Motion to Enforce the APA and the Sale Order* [Docket No. 608] (collectively, the "**APA Enforcement Motions**").

10.      On May 24, 2021, the Debtors filed and the Court entered a *Stipulation and Agreed Order Resolving (I) Stellex/Cf Buyer (Us) LLC's Emergency Motion to Enforce the APA and the Sale Order and (II) Debtors' Emergency Motion for Entry of Order Enforcing Sale Order* (the "**Stipulation and Agreed Order**") [Docket No. 645], resolving the issues raised in the APA Enforcement Motions and requiring the Debtors to file claim objections to the disputed PACA claims.

11.      Pacific Sales ("**Pacific**") is a supplier of produce to the Debtors and to their non-Debtor Canadian affiliate, Sun Rich Fresh Foods, Inc., ("**Sun Rich Canada**"), which operates in Canada.

### III.
### OBJECTIONS

12.     The Debtors and their professionals have endeavored to reconcile outstanding amounts owed or alleged to be owed to vendors pursuant on account of prepetition claims asserted under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a et seq. ("**PACA**" and such claims being "**PACA Claims**"). Based on the Debtors' books and records, invoices supplied by the respective claimants, and the Debtors' professionals' analysis regarding such PACA Claims, the Debtors and their professionals were able to reconcile approximately $18.285 million in PACA Claims (the "**Undisputed PACA Claims**").  However, the Debtors and their professionals have also identified certain claims of Pacific that do not qualify for PACA protection (the "**Disputed Pacific PACA Claims**"). In accordance with the Stipulation and Agreed Order, the Debtors hereby submit the following objections to the Disputed Pacific PACA Claims. A list of the Disputed Pacific PACA Claims is attached hereto as **Exhibit A**.

   A.     **Legal Basis for Objections**

13.     Under PACA, PACA Claimants are the beneficiaries of a statutory trust (the "**PACA Trust**") in all of the buyer's perishable agricultural commodity inventory or other derivatives of perishable agricultural commodities, the products derived therefrom and the proceeds related to any sale of the commodities or products (collectively, the "**PACA Trust Assets**"). *See* 7 U.S.C. § 499e(c)(2).  Any PACA Trust Assets are preserved as a non-segregated floating trust and may be commingled with non-trust assets, but these PACA Trust Assets are not part of the Debtors' estates. *See Tom Lange Co. v. Kornblum & Co.* (*In re Kornblum & Co.*)., 81 F.3d 280, 284 (2d Cir. 1995) (funds held in a PACA Trust are not property of a debtor's estate).

14.     In order for a potential PACA claimant ("**Claimant**") to have a perfected PACA Claim against the PACA Trust, PACA requires that the claimant meet certain requirements and

take certain procedural steps. First, the claim in question must for the sale of perishable agricultural commodities ("**Produce**"). Second, the Produce must have been purchased and accepted by a commission merchant, dealer, or broker (the "**Purchaser**") as defined by PACA. 7 U.S.C. § 499a(b)(5-7). Third, the Claimant must have provided the Purchaser with written notice (the "**PACA Notice**") of its intent to preserve its right under PACA within 30 days: (i) after expiration of the ten-day payment term set forth in the PACA regulations, 7 C.F.R. § 46.2(aa)(5); or (ii) after expiation of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction, 7 U.S.C. § 499e(c)(3). *See, e.g.,* 7 U.S.C. § 499e(c)(3); 7 U.S.C. § 196.

15.     PACA is a federal law, and does not have extra-territorial application.  In addition, Canada does not have an analogue statute.  As such, PACA protections only apply to sales of produce to American Purchasers, and its protections (including the PACA Trust) do not extend to sales of Produce to Purchasers outside of the United States. Moreover the Canadian Monitor is overseeing the sale and eventual the liquidation of the Canadian entities, including Sun Rich Canada, including the distribution of any proceeds.

## B.     Factual Basis for Objections

16.     Prior to the Petition Date, Pacific sold certain produce directly to Sun Rich Canada, and shipped its produce to Sun Rich Canada's Ontario facility. While the billing address in certain cases was the Debtors' main facility in The Woodlands, Texas that was simply for administrative convenience. According to the Debtors' books and records, the purchaser of the Pacific Produce in these cases was Sun Rich Canada.

17.     Accordingly, the Disputed Pacific PACA Claims are not claims against any of the Debtors in this proceeding. Rather, they are claims against Sun Rich Canada.

18.     Furthermore, because Sun Rich Canada is not an American buyer, it is not subject to PACA, and the Disputed Pacific PACA Claims are not eligible for payment from the PACA Trust.

19.     Based on the foregoing, the Debtors object to the Disputed Pacific PACA Claims because they are not claims against the Debtors in these bankruptcy cases, and they do not qualify for PACA protection in any event as Sun Rich Canada is not subject to PACA.

## IV.
## RESERVATION OF RIGHTS

20.     The Debtors reserve their rights with respect to making additional objections or supplementing this Objection. The Debtors reserve all rights to present any evidence at a hearing on this proceeding for the purposes of supporting the allegations set forth in this Objection and disproving any allegations set forth in any documentation provided by Pacific and its response hereto. The Debtors will disclose and serve their exhibits and list of witnesses in support of this proceeding in due course of litigating the relief requested in this Objection.

## V.
## NO PRIOR REQUEST

21.     No prior request for the relief sought in the Objection has been made to this or any other court.

## VI.
## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an Order: (a) disallowing the Disputed Pacific PACA Claims; and (b) awarding the Debtors such other and further relief that this Court deems be just and proper.

DATED: June 11, 2021                    Respectfully submitted by:

**FOLEY & LARDNER, LLP**

*/s/ John P. Melko*
John P. Melko (TX 13919600)
Email: jmelko@foley.com
Sharon M. Beausoleil (TX 24025245)
Email: sbeausoleil@foley.com
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone:  713.276.5500

and

Mark C. Moore (TX 24074751)
Email: mmoore@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214.999.4150

**COUNSEL TO DEBTORS AND
DEBTORS-IN-POSSESSION**

## **CERTIFICATE OF SERVICE**

I do hereby certify that on June 11, 2021, a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case.

/s/ John P. Melko
John P. Melko

**EXHIBIT A**
**Disputed Pacific PACA Claims**

| Vendor | Invoice # | Invoice Amount |
|---|---|---|
| Pacific Sales Co. (SR Balance) | N32511 | 17,022.40 |
| Pacific Sales Co. (SR Balance) | N32516 | 13,225.49 |
| Pacific Sales Co. (SR Balance) | P00705 | 15,683.64 |
| Pacific Sales Co. (SR Balance) | P01502 | 14,079.84 |
| Pacific Sales Co. (SR Balance) | P01603 | 28,502.60 |
| Pacific Sales Co. (SR Balance) | P02012 | 7,651.60 |
| Pacific Sales Co. (SR Balance) | P01826 | 18,210.94 |
| Pacific Sales Co. (SR Balance) | P02002 | 7,289.71 |
| Pacific Sales Co. (SR Balance) | P12807 | 16,688.15 |
| Pacific Sales Co. (SR Balance) | P03301 | 17,853.80 |
| Pacific Sales Co. (SR Balance) | P03608 | 16,971.62 |
| Pacific Sales Co. (SR Balance) | P03502 | 16,048.55 |
| Pacific Sales Co. (SR Balance) | P03603 | 17,422.14 |
| Pacific Sales Co. (SR Balance) | P03607 | 17,013.43 |
| *Pacific Sales Co. (SR) Subtotal* | | *223,663.91* |