IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **COUNTRY FRESH HOLDING** | § | |
| **COMPANY, INC.,** *et. al.*[1] | § | **Case No.:  21-30574** |
| | § | |
| **Debtors.** | § | |
| | § | **Jointly Administered** |

**TRUSTEE'S SECOND *EXPEDITED* MOTION TO
REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

***\*\*\* Expedited consideration is requested as soon as the Court's calendar will allow.***

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO**

---

[1] The Debtors in these Chapter 7 cases and the last four digits of each Debtors' taxpayer identification number are as follows: Country Fresh Holding Company Inc. (7822); Country Fresh Midco Corp. (0702); Country Fresh Acquisition Corp. (5936); Country Fresh Holdings, LLC (7551); Country Fresh LLC (1258); Country Fresh Dallas, LLC (7237); Country Fresh Carolina, LLC (8026); Country Fresh Midwest, LLC (0065); Country Fresh Orlando, LLC (7876); Country Fresh Transportation LLC (8244) CF Products, LLC (8404) Country Fresh Manufacturing, LLC (7839); Champlain Valley Specialty of New York, Inc. (9030); Country Fresh Pennsylvania, LLC (7969); Sun Rich Fresh Foods (NV) Inc. (5526); Sun Rich Fresh Foods (USA) Inc. (0429); and Sun Rich Fresh Foods (PA) Inc. (4661). The Debtors' principal place of business is 3200 Research Forest Drive, Suite A5, The Woodlands, TX, 77381.

**THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Janet S. Northrup, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Country Fresh Holding Company, Inc *et. al.* ("**Debtors**"), the debtors in the above-styled Chapter 7 case, files this *Trustee's Second Expedited Motion to Reject Executory Contracts and Unexpired Leases* and would show the Court as follows.

## Summary of Relief Requested

1.      Pursuant to the Sale Order, APA, and TSA (all later defined herein), the buyer of the Debtors' assets notified the Trustee of certain additional contracts and leases the buyer has designated as excluded under the applicable agreements.

2.      The Trustee now seeks to reject these executory contracts and unexpired leases on an expedited basis to minimize the administrative costs and claims against the Debtors' bankruptcy estates.

## Jurisdiction and Venue

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.      On February 15, 2021 (the "**Petition Date**"), the Debtors filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the "**Case**").[2]

---

[2] Additional information about the Debtors and their business can be found in the *Declaration of Stephen Marotta in Support of First-Day Motions* filed at Docket No. 18 in this Case.

5.     The Debtors operated as a debtor-in-possession from February 15, 2021 until June 21, 2021, when the Court entered its order of conversion to Chapter 7—*Order (I) Authorizing and approving the Conversion of the Chapter 11 Cases, (II) Extending the Designation Rights Period, and (III) Granting Related Relief* [Docket No. 719] (the "**Conversion Order**"). Thereafter, Janet S. Northrup was appointed as the Chapter 7 Trustee.

6.     Prior to conversion, on March 29, 2021, the Debtors sold their assets to Stellex/CF Buyer (US) LLC (the "**Buyer**") pursuant to this Court's *Order Authorizing Country Fresh Holdings Company Inc. and Its Affiliated Debtors to (I) Sell Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing and Approving the Debtors' Performance under the APA, (III) Authorizing and Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts, Unexpired Leases, And Permits Related Thereto, and (IV) Granting Related Relief* [Docket No. 437] (the "**Sale Order**").

7.     On April 29, 2021, pursuant to the Sale Order, the Debtors and Buyer entered into the Asset Purchase Agreement [Docket No. 659-2] (as may be amended, supplemented, or otherwise modified from time to time in accordance with its terms, together with all exhibits and schedules thereto, the "**APA**").

8.     Also on April 29, 2021, the Debtors and the Buyer entered into the Transition Services Agreement [Docket No. 659-3] (as may be amended, supplemented, or otherwise modified from time to time in accordance with its terms, together with all exhibits and schedules thereto, the "**TSA**").

9.     The APA provides that the Buyer has a certain amount of time to identify contracts and leases that it excludes from the sale. *See* APA, Section 2.6 and 2.7 at Docket No. 659-2.

10.     On June 29, 2021, the Trustee filed her *Trustee's Expedited Motion to Reject Executory Contracts and Unexpired Leases* [Docket No. 740], whereby the Trustee sought an order rejecting certain executory contracts and unexpired leases for which the Buyer had provided notice to the Debtors pre-conversion as being excluded.

11.     On June 30, 2021, the Court entered its *Order Granting Trustee's Expedited Motion to Reject Executory Contracts and Unexpired Leases* [Docket No. 746] on an emergency basis, whereby the Court authorized the Trustee's rejection of certain executory contracts and unexpired leases.

12.     Post-conversion, on July 23, 2021, Buyer provided the Trustee notice of *additional* contracts and leases it designated as excluded per the Sale Order, APA, TSA and/or any other relevant documents. The notice with attachments listing the additional excluded agreements is attached hereto as **Exhibit 2**. Attached as **Exhibit 1** is a chart with all of the excluded agreements that the Trustee now seeks to reject via this Motion (the "**Rejected Agreements**").[3]

### Relief Requested

13.     Section 365(a) of the Bankruptcy Code provides, with certain exceptions not applicable in this case, that the "trustee, subject to the court's approval, may … reject any executory contract or unexpired lease of the debtor."  11 U.S.C. §365(a).

14.     Because the Debtors are no longer operating and the Buyer of their assets has excluded the Rejected Agreements, the Trustee contends that the Rejected Agreements are burdensome to the Debtors' bankruptcy estate.  The Trustee – in the exercise of her business judgment – moves to reject the Rejected Agreements pursuant to 11 U.S.C. § 365(a), as of the date of entry of an order granting this Motion, to the extent not already rejected.  Such relief is proper

---

[3] The Trustee is not seeking to reject employment agreements at this time based on anticipating continued employment of some employees to assist the Trustee in carrying out functions contemplated by the APA and TSA.

to prevent the Debtors' bankruptcy estates from incurring further post-petition obligations under the relevant contracts and lease agreements.

15.     The Trustee further requests that any parties to the Rejected Agreements be required to file any claim for rejection damages within thirty (30) days of the date of any order signed by this Court permitting rejection as described herein.

16.     However, to the extent that a prior Court order provides a deadline for a party to a Rejected Agreement to submit a claim, the Motion and proposed order does not seek to enlarge that time.

### Basis for Emergency Consideration

17.      The Trustee requests that the Court consider this Motion on an expedited basis to minimize the potential claims against the Debtors' bankruptcy estates. If the Court does not consider the Motion on an expedited basis, then the Debtors' bankruptcy estates may potentially be burdened with unnecessary administrative expenses.

18.     Pursuant to Local Rule 9013-1(i), the undersigned counsel for the Trustee, certifies that this Motion and the grounds set forth for emergency consideration are accurate, to the best of her information and belief, after diligent inquiry and investigation.

WHEREFORE, the Trustee prays that the Court enter an Order rejecting the executory contracts and unexpired leases set forth on **Exhibit 1** to which the Debtors may be a party and that any parties to the Rejected Agreements be required to file any claims for rejection damages within thirty (30) days of the date of any order signed by this Court permitting rejection as described herein, and for such other relief to which she may be entitled.

Dated: July 28, 2021.

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Wayne Kitchens       TBN 11541110
wkitchens@hwa.com
Heather McIntyre       TBN 24041076
hmcintyre@hwa.com
HUGHESWATTERSASKANASE, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
**PROPOSED   ATTORNEYS   FOR   CHAPTER   7
TRUSTEE,  JANET S. NORTHRUP**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on July 28, 2021, a true and correct copy of the foregoing document has been served on (i) parties receiving ECF notice via ECF in the above-referenced case, (ii) parties listed on the attached Master Service List via first-class, U.S. Mail, postage-prepaid to the extent not served via ECF, and (iii) the parties listed on the attached *Service List for Rejected Executory Contracts and Unexpired Leases* via first-class, U.S. Mail, postage-prepaid.

                                    */s/ Heather Heath McIntyre*
                                    Heather Heath McIntyre