IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

----------------------------------X

| | | |
|---|---|---|
| In re | : | Case No. 21-30574 |
| Country Fresh Holding Company, Inc., et al[1] | : | Jointly Administered |
| Debtor(s). | : | |
| | : | |

----------------------------------X

**SILCHUK LOGISTICS LLC'S APPLICATION FOR ALLOWANCE AND PAYMENT OF SECTION 503(b)(1) ADMINISTRATIVE CLAIM**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these Chapter 7 cases and the last four digits of each Debtors' taxpayer identification number are as follows: Country Fresh Holding Company Inc. (7822); Country Fresh Midco Corp. (0702); Country Fresh Acquisition Corp. (5936); Country Fresh Holdings, LLC (7551); Country Fresh LLC (1258); Country Fresh Dallas, LLC (7237); Country Fresh Carolina, LLC (8026); Country Fresh Midwest, LLC (0065); Country Fresh Orlando, LLC (7876); Country Fresh Transportation LLC (8244) CF Products, LLC (8404) Country Fresh Manufacturing, LLC (7839); Champlain Valley Specialty of New York, Inc. (9030); Country Fresh Pennsylvania, LLC (7969); Sun Rich Fresh Foods (NV) Inc. (5526); Sun Rich Fresh Foods (USA) Inc. (0429); and Sun Rich Fresh Foods (PA) Inc. (4661). The Debtors' principal place of business is 3200 Research Forest Drive, Suite A5, The Woodlands, TX, 77381.

Silchuk Logistics LLC, an interstate transportation service provider, ("**Silchuk**"), by and through [its/their] undersigned counsel, hereby submit[s] this Application for Allowance and Payment of Section 503(b)(1) Administrative Claim, and in support thereof respectfully state[s] as follows:

1. On February 15, 2021 (the "**Petition Date**"), the Debtors filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.[2]

2. The Debtors operated as a debtor-in-possession from February 15, 2021, until June 21, 2021, when the Court entered its order of conversion to Chapter 7—Order (I) Authorizing and approving the Conversion of the Chapter 11 Cases, (II) Extending the Designation Rights Period, and (III) Granting Related Relief [Docket No. 719] (the "**Conversion Order**"). Thereafter, Janet S. Northrup was appointed as the Chapter 7 Trustee.

3. On July 19, 2021, the Chapter 7 Trustee filed a Motion to Establish Administrative Expense Bar Date for 11 U.S.C 503(b) Claim Arising Before June 21, 2021.  Docket No. 794. This motion was granted on August 10, 2021, establishing a September 10, 2021, Bar Date for Administrative Expense Claims.

4. At the request of, and for the benefit of **Debtors, Silchuk** provided interstate transportation services that assisted in the preservation of the estate.

5. **Silchuk** was paid for some of its services pursuant to the procedures outlined by this court.  See Docket No. 645.

6. However, the sum of $377,460 remains due and owing from **Debtors** to **Silchuk** as is set forth in detail on Exhibit A (Summary of open ARs) nad Exhibit B (Open Invoices).

7. The service that remain unpaid were provided between February 25, 2021 and April 29, 2021.  All of the 106 shipments at issue were invoiced after the date of sale – as is the normal course in transportation (to invoice for the services once the proof of delivery and other paperwork is received by Silchuk from the drivers resulting in a lag between the date of delivery and the date of invoice).  However, all the services were provided prior to the date of sale and during the pending bankruptcy.  See Exhibit A.

8. The details of the $377,460 due from **Debtors** to **Silchuk** has been communicated to counsel for the Trustee and Counsel for the buyer.

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. Sections 1408 and 1409.

---

[2] Additional information about the Debtors and their business can be found in the *Declaration of Stephen Marotta in Support of First-Day Motions* filed at Docket No. 18 in this Case.

10. Section 503(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the bankruptcy court shall allow an administrative expense for claims of a service provider like Silchuk that has preserved the value of the estate.

11. Silchuk reserves its right to assert additional claims against the Debtor(s) for amounts not contemplated by this request or allowed by the Court pursuant to section 503(b)(1) of the Bankruptcy Code and to amend, modify, and/or supplement this request, as appropriate under the circumstances.

[SIGNATURE PAGE FOLLOWS]

WHEREFORE, Silchuk respectfully requests that this Court grant the following relief:

1. Enter an order allowing Silchuk's administrative expense claim in the amount of $377,460 for the interstate transportation services provided by Silchuk to the estate, specifically 106 shipments delivered between February 25, 2021 and April 29, 2021, pursuant to section 503(b)(1) of the Bankruptcy Code; and

2. Authorize the Chapter 7 trustee to pay the balance of the Applicant's administrative claim at such time as distributions are made to other administrative creditors, and in accordance with the priorities under the Bankruptcy Code; and

3. Grant such other and further relief as the Court deems just and appropriate.

Dated: August 24, 2021                                     Respectfully submitted,


By: s/ *Craig J. Helmreich*
Craig J. Helmreich
Indiana Bar No. 22220-49
Admitted Pro Hac Vice
Helmreich Law LLC
10250 Landis Blvd
Fishers, In 46040

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2021, a true and correct copy of the foregoing document was served on the parties receiving ECF notice via ECF in the above-referenced case.

                              Respectfully submitted,

                              By:  s/ *Craig J. Helmreich*

                              Craig J. Helmreich

                              Indiana Bar No. 22220-49

                              Admitted Pro Hac Vice

                              Helmreich Law LLC

                              10250 Landis Blvd

                              Fishers, In 46040