IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| **COUNTRY FRESH HOLDING** | § | Case No.: 21-30574 (MI) |
| **COMPANY INC.**, *et. al*.,[1] | § | |
| | § | **(Jointly Administered)** |
| Debtors. | § | |

ORDER (I) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF
[Related to Docket Nos. 51 and 874]

Upon consideration of the motion [Docket No. 51] (the "Motion") of the above-captioned debtors (the "Debtors") for the entry of an order pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006, 9007, 9008, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), (i) authorizing the sale of the Assets free and clear of liens, claims, encumbrances, and other interests, except as provided by that certain Asset Purchase Agreement, dated as of April 29, 2021, by and between the Debtors and Stellex/CF Buyer (US) LLC (together with its subsidiaries, collectively, the "Buyer") (as may be amended, supplemented or otherwise modified from time to time in accordance with its terms, together with all exhibits

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Country Fresh Holding Company Inc. (7822), Country Fresh Midco Corp. (0702), Country Fresh Acquisition Corp. (5936), Country Fresh Holdings, LLC (7551), Country Fresh LLC (1258), Country Fresh Dallas, LLC (7237), Country Fresh Carolina, LLC (8026), Country Fresh Midwest, LLC (0065), Country Fresh Orlando, LLC (7876), Country Fresh Transportation LLC (8244), CF Products, LLC (8404), Country Fresh Manufacturing, LLC (7839), Champlain Valley Specialty of New York, Inc. (9030), Country Fresh Pennsylvania, LLC (7969), Sun Rich Fresh Foods (NV) Inc. (5526), Sun Rich Fresh Foods (USA) Inc. (0429), Sun Rich Fresh Foods (PA) Inc. (4661). The Debtors' principal place of business is 3200 Research Forest Drive, Suite A5, The Woodlands, TX, 77381.

3089914

and schedules thereto, the "APA")[2]; and the Court having entered that certain *Order Authorizing Country Fresh Holdings Company Inc. and its Affiliated Debtors to (I) Sell Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing and Approving the Debtors' Performance Under the APA, (III) Authorizing and Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts, Unexpired Leases, and Permits Related Thereto, and (IV) Granting Related Relief* [Docket No. 437] (as may be amended, supplemented, or otherwise modified from time to time, the "Sale Order"); and Janet Northrup, as chapter 7 trustee (the "Trustee") of the estates of the Debtors having filed and served, on behalf of the Debtors, a *Notice of Intent to Assume* [Docket No. 815] (the "Assumption Notice"); and the Court having reviewed and considered the Motion and other evidence submitted in support of the Motion, the objections thereto, and the APA; and the Court having heard statements and arguments of counsel and the evidence presented with respect to the relief requested in the Motion; and due notice of the Motion, including the Assumption Notice, having been provided; and the Court having jurisdiction over this matter; and after due deliberation thereon,

**THE COURT HEREBY FURTHER FINDS AND DETERMINES THAT:**

1. The Assumption Notice was good, sufficient, and appropriate under the circumstances and no further notice need be given in respect of the assumption and assignment to the Buyer of each executory contract or unexpired lease set forth on **Exhibit "1"** attached hereto (collectively, the "Assumed Contracts").

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the APA or the Sale Order (as defined herein), as applicable.

2

3089915

2. The Buyer provided adequate assurance of its future performance under the relevant Assumed Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

3. The assumption and assignment to Buyer of the Assumed Contracts shall be July 28, 2021 (the "Assumption Effective Date").

4. All objections to the assumption and assignment of the Assumed Contracts, that have not been withdrawn, waived, settled, or adjourned, and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice. Each non-debtor party to any Assumed Contract ("Contract Counterparty") who did not object, or withdrew its objections, is deemed to have consented to the assumption and assignment of its Assumed Contract pursuant to section 365 of the Bankruptcy Code. The findings of fact and conclusions of law set forth in the Sale Order concerning assumption and assignment shall apply, be binding upon, be law of the case, and operate to collaterally estop any argument by any Contract Counterparty.

5. The Trustee is hereby authorized and directed in accordance with sections 105(a) and 365 of the Bankruptcy Code to (a) assume and assign the Assumed Contracts to the Buyer free and clear of all Encumbrances, Claims, liens, and other interests of any kind or nature whatsoever (other than the Assumed Liabilities), subject to the terms of the APA, the Sale Order, and this Order, as of the Assumption Effective Date and (b) execute and deliver to the Buyer such documents or other instruments as the Buyer deems necessary to assign and transfer the Assumed Contracts to the Buyer in accordance with the APA.

6. The payment of the applicable Cure Amounts set forth on **Exhibit "1"** attached hereto by the Buyer as required by the APA and this Order shall (a) effect a cure of all defaults

3089915

existing thereunder as of the Assumption Effective Date, (b) compensate for any actual pecuniary loss to the applicable Contract Counterparty resulting from such default, and (c) together with the assignment by the Trustee to and the assumption of the Assumed Contracts by the Buyer, constitute adequate assurance of future performance thereof.

7. Pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Trustee, on behalf of the Debtors, of the Assumed Contracts shall not be a default thereunder. After the payment of the relevant Cure Amounts as required by the APA, the Sale Order, and this Order, the Trustee shall not have any further liabilities to the Contract Counterparties, and the counterparties shall be estopped from asserting any and all Claims or liens, whether known or unknown, against the Debtors on account of the Assumed Contracts.

8. Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract to the Buyer or allows a Contract Counterparty to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract to the Buyer, constitute anti-assignment provisions that are unenforceable and will have no force and effect solely with respect to assumption and assignment of the Assumed Contracts pursuant to this Order. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Trustee and assignment to the Buyer of the Assumed Contracts have been satisfied.

9. Upon the Assumption Effective Date of any Assumed Contract, in accordance with section 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right, title and interest of the Debtors under such Assumed Contract. To the extent provided in the APA, the Trustee shall cooperate with and take all actions reasonably requested by the Buyer to effectuate the foregoing.

10. Upon the Assumption Effective Date and the payment of the relevant Cure Amount, if any, the Buyer shall be deemed to be substituted for the Debtors as a party to the applicable Assumed Contract and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under such Assumed Contract.

11. Upon the Assumption Effective Date and the payment of the relevant Cure Amount, if any, the Assumed Contracts will remain in full force and effect (subject to any amendments agreed to between the Contract Counterparty and the Buyer), and no default shall exist under the Assumed Contracts and no Contract Counterparty shall be permitted (a) to declare a default by the Buyer under such Assumed Contract, or (b) to otherwise take action against the Buyer as a result of any Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Assumed Contract.  Each Contract Counterparty hereby is also forever barred, estopped, and permanently enjoined from (a) asserting against the Trustee, the Debtors, or the Buyer, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Assumption Effective Date, or, against the Buyer, any counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors, expect as otherwise provided in this Order, and (b) imposing or charging against the Buyer or its affiliates any rent accelerations, assignment fees, increases (including advertising rates), or any other fees as a result of the Debtors' assumption and assignments to the Buyer of the Assumed Contracts.

12. Nothing in this Order or the APA shall affect or modify the Trustee's obligations pursuant to section 365(d)(3) of the Bankruptcy Code.

13. For the avoidance of doubt and notwithstanding anything to the contrary contained herein or in the APA, the Buyer shall be liable for all obligations and liabilities under the Assumed

5

3089915

Contracts that are leases of non-residential real property, as may be modified by agreement of the Buyer and the Contract Counterparty, to the extent such obligations or liabilities arise or are (as required by the applicable lease) billed after the Assumption Effective Date, as applicable, including, but not limited to any and all liabilities or obligations arising under the leases with respect to any accruing and not yet due adjustments or reconciliations (including, without limitation, for royalties, percentage rent, utilities, taxes, common area or other maintenance charges, promotional funds, insurance, fees, or other charges) when billed in the ordinary course, regardless of whether such obligations or liabilities are attributable to the period prior to the Assumption Effective Date, as applicable, unless otherwise agreed to in writing by the Buyer and the Contract Counterparty, in each case subject to the terms and conditions of the lease, as may be modified by agreement of the Buyer and the Contract Counterparty.

14. Pursuant to sections 105(a) and 365 of the Bankruptcy Code, other than the right to payment of any Cure Amount, all Contract Counterparties are forever barred and permanently enjoined from raising or asserting against either the Trustee, the Debtors, or the Buyer any assignment fee, default, breach, Claim, pecuniary loss, or condition to assignment arising under or related to the Assumed Contracts existing as of the Assumption Effective Date.

15. Notwithstanding that as of the Assumption Effective Date, as provided for by this Order and the APA, the Trustee and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assigned Contracts, any Contract Counterparty may seek to recover from the Debtors' indemnification obligations, if any, arising from third-party claims asserted with respect to or arising from the Debtors' use and occupancy of Leased Real Property prior to the Assumption Effective Date for which the Trustee or the Debtors

3089915

have a duty to indemnify such Lease counterparty pursuant to any Lease, solely with respect to available insurance coverage.

16. All Contract Counterparties shall cooperate and expeditiously execute and deliver, upon the reasonable request of the Buyer, any instruments, applications, consents, or other documents that may be required or requested by any public authority or other party or entity to effectuate the applicable transfers in connection with the sale of the Acquired Assets.

17. The terms of the Sale Order are incorporated herein and made part of this Order and each of the Assumed Contracts set forth herein and on **Exhibit "1"** attached hereto is an Assumed Contract as set forth in the Sale Order. Except as expressly modified by this Order, the Sale Order shall remain unchanged and in full force and effect. All factual and other findings and conclusions of law contained in the Sale Order shall remain fully applicable. Nothing in this Order shall impact the finality of the Sale Order.

18. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), and pursuant to Bankruptcy Rules 7062(g) and 9014, this Order shall not be stayed and shall be effective immediately upon entry.

19. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order, the Sale Order, and the APA, all amendments thereto as well as any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party and adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

Signed: September 20, 2021

Marvin Isgur
United States Bankruptcy Judge

3089915

**Exhibit 1**

**Assumed Contracts**

| COUNTERPARTY | DEBTOR ENTITY | CONTRACT TYPE | DESCRIPTION | CONTRACT DATE | ASSUME AS AMENDED | CURE AMOUNT |
|---|---|---|---|---|---|---|
| BREIT INDUSTRIAL HS PROPERTY | COUNTRY FRESH ORLANDO, LLC | LEASE | BREIT INDUSTRIAL LEASE TOGETHER WITH ALL AMENDMENTS | 6/1/2017 | | $0.00 |
| COLFIN 2015-2 INDUSTRIAL OWNER LLC | COUNTRY FRESH HOLDING COMPANY, INC. | LEASE | COLFIN - GRAND PRAIRIE LEASE TOGETHER WITH ALL AMENDMENTS | 3/1/2020 | | $0.00 |
| CORONA INDUSTRIAL LLC | SUN RICH FRESH FOODS (USA), INC. | LEASE | CORONA INDUSTRIAL LEASE TOGETHER WITH ALL AMENNDMENTS | 12/1/2020 | | $0.00 |
| HYG FINANCIAL SERVICES, INC | COUNTRY FRESH LLC | EQUIPMENT LEASE | MASTER LEASE AGREEMENT # 9411387 | 4/5/2019 | | $0.00 |
| MARLIN CAPITAL SOLUTIONS | COUNTRY FRESH LLC | EQUIPMENT LEASE | EQUIPMENT FINANCE AGREEMENT # 1358640, 1357173 | 5/30/2019 | | $0.00 |
| PINNACLE CENTER 1, LLC | COUNTRY FRESH HOLDINGS, LLC | LEASE | PINNACLE CENTER 1 LEASE AGREEMENT TOGETHER WITH ALL AMENDMENTS | 9/19/2019 | | $0.00 |
| RAYMOND LEASING CORPORATION | COUNTRY FRESH PENNSYLVANIA, LLC | EQUIPMENT LEASE | WAREHOUSE EQUIPMENT LEASE AGREEMENT | UNKNOWN | | $0.00 |
| RAYMOND LEASING CORPORATION: ARBOR MATERIAL HANDLING, INC. (PART OF RAYMOND LEASING CORPORATION) | COUNTRY FRESH LLC | EQUIPMENT LEASE | COMPREHENSIVE FIXED PRICE MAINTENANCE AGREEMENT | 9/25/2019 | | $0.00 |
| RAYMOND LEASING CORPORATION: ARBOR MATERIAL HANDLING, INC. (PART OF RAYMOND LEASING CORPORATION) | COUNTRY FRESH PENNSYLVANIA, LLC | EQUIPMENT LEASE | AGREEMENT #353241(ADDITIONAL SCHEDULE UNDER RAYMOND L | 1/6/2020 | | $0.00 |
| RAYMOND LEASING CORPORATION: ARBOR MATERIAL HANDLING, INC. (PART OF RAYMOND LEASING CORPORATION) | COUNTRY FRESH PENNSYLVANIA, LLC | EQUIPMENT LEASE | AGREEMENT #353242 (ADDITIONAL SCHEDULE UNDER RAYMOND | 1/6/2020 | | $0.00 |
| RAYMOND LEASING CORPORATION: ARBOR MATERIAL HANDLING, INC. (PART OF RAYMOND LEASING CORPORATION) | COUNTRY FRESH PENNSYLVANIA, LLC | EQUIPMENT LEASE | AGREEMENT #353243 (ADDITIONAL SCHEDULE UNDER RAYMOND | 1/6/2020 | | $0.00 |

3089915